IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONOVAN EVANS**                                                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:20-cv-324-DPJ-RHWR**

**BULBHEAD**                                                                                    **DEFENDANT**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court *sua sponte* to consider the existence of federal subject-matter jurisdiction. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends dismissing this case without prejudice for lack of subject-matter jurisdiction.

### I. BACKGROUND

Pro se Plaintiff Donovan Evans ("Plaintiff" or "Evans") initiated this action on May 7, 2020, and he is proceeding *in forma pauperis*. Compl. [1]. Plaintiff's Complaint alleges that Defendant Bulbhead ("Defendant" or "Bulbhead"), an online store, made an unauthorized transaction on December 27, 2019, debiting Plaintiff's prepaid debit card in the amount of $37.87. The prepaid debit card company reimbursed Plaintiff after he disputed the charge, but Bublhead was not responsive to Plaintiff's demand for a refund. Plaintiff's Complaint advances claims for fraud, and emotional and mental distress, and seeks $9 trillion in damages.

On September 8, 2021, the Court entered an [53] Order directing Evans to show cause in writing why this case should not be dismissed for lack of federal subject-

matter jurisdiction. Order [53] at 1. Plaintiff filed two [53] [54] Responses reasserting the claims raised in his Complaint. On November 3, 2021, the Court held an omnibus hearing to address the subject-matter jurisdiction issue. At the omnibus hearing, Plaintiff revised his request for damages to $20 million.

## II. **DISCUSSION**

Federal courts have an independent obligation to evaluate whether subject-matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must presume that a suit lies outside that limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As the party invoking federal subject-matter jurisdiction, Evans bears the burden of establishing its existence. *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

No federal question has been suggested here, so the Court limits its examination to diversity jurisdiction, which exists over cases involving "citizens of different States" in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The general rule to assess whether the amount in controversy exceeds the threshold for federal diversity jurisdiction is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." To justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938);

2

*accord Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

"[A] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). A sum claimed must be adequately founded in fact. *Id*; *see McLin v. Guest Consultants, Inc.*, No. 3:13-cv-192-CWR-FKB, 2015 WL 5786421, at *5 (S.D. Miss. Mar. 13, 2015). "[J]urisdiction is defeated notwithstanding the plaintiff's good faith . . . if one familiar with the applicable law could not reasonably have concluded that the claim was worth the jurisdictional amount." *Bronner ex rel. Am. Studs. Ass'n v. Duggan*, 962 F.3d 596, 605 (D.C. Cir. 2020) (quoting *Esquilin-Mendoza v. Don King Prods.*, 638 F.3d 1, 4 (1st Cir. 2011)).

When asked by the Court at the omnibus hearing why he believed he was entitled to $20 million, Plaintiff responded, "because I was stressed out, fear, depressed, distressed." Omnibus Tr. at 9. Given that Plaintiff's monetary damages stemming from the debit charge was $37.87, and given that Plaintiff has been fully refunded for this charge, Plaintiff cannot in good faith claim damages totaling $20 million. *See Bailey v. U.S. Fid. and Guar. Co.*, 181 F.3d 96 (5th Cir. 1999). Plaintiff's claim for $20 million in damages is patently absurd and devoid of any potentially reasonable support. The $75,000 amount in controversy requirement of 18 U.S.C. § 1332 has not been met, and this Court does not have jurisdiction. For these reasons, the undersigned finds that one familiar with the applicable law could not reasonably

conclude that Evans' claim is worth the jurisdictional amount, and the case should be dismissed for lack of subject-matter jurisdiction.

## III. **RECOMMENDATION**

The undersigned United States Magistrate Judge recommends dismissing this case without prejudice for lack of subject-matter jurisdiction.

## IV. **NOTICE OF THE RIGHT TO OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 10th day of November, 2021.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE