UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONOVAN EVANS                                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:20-CV-324-DPJ-RHWR

BULBHEAD                                                                                               DEFENDANT

ORDER

This matter is before the Court on the Report and Recommendation [65] of United States Magistrate Judge Robert H. Walker. Judge Walker recommends that this case be dismissed for lack of subject-matter jurisdiction; the Court agrees.

Pro se Plaintiff Donovan Evans alleges that Defendant Bulbhead debited his prepaid debit card $37.87 without his authorization. Compl. [1] at 1. After unsuccessfully complaining to Bulbhead, Pl.'s Resp. [54] at 1, Evans sought and received relief from the debit-card company, R&R [65] at 1. And though his money was returned, Evans brought this action against Bulbhead, seeking $9 trillion based on alleged fraud, emotional distress, and mental distress. Compl. [1] at 1; Pl.'s Resp. [54] at 2.

On September 8, 2021, Judge Walker correctly instructed Evans to show cause why jurisdiction exists. *See* Order [53]. Evans filed two responses to that order, and Judge Walker then held a November 3, 2021 omnibus hearing to address subject-matter jurisdiction. R&R [65] at 2. During the hearing, Evans reduced his claimed damages to $20 million, and when asked to justify that amount, he responded, "I was stressed out, [in] fear, depressed, distressed." *Id.* (quoting Hearing Tr. at 9).

"Federal courts are courts of limited jurisdiction [and] must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)

(citations omitted).  If jurisdiction is lacking, "the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Notably, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it," so Evans carries that burden.  *St. Paul Reins. Co. v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

The two primary bases of federal subject-matter jurisdiction are federal-question jurisdiction (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332).  Because Evans did not raise a federal question, Judge Walker properly examined whether Evans had established this Court's jurisdiction under the diversity statute.  *See* R&R [65] at 2.

Diversity jurisdiction exists over cases involving "citizens of different States" in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  When determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).  But "[a] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury."  *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).  So

> if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*De Aguilar*, 47 F.3d at 1409 (quoting *St. Paul Mercury*, 303 U.S. at 289–90).  Finally, when—as in this case—the sum the plaintiff claims is challenged, "it must be adequately founded in fact."  *Diefenthal*, 681 F.2d at 1052.  Jurisdiction must be found lacking "if one familiar with the applicable law could not reasonably have concluded that the claim was worth the jurisdictional

amount." *Bronner ex rel. Am. Studs. Ass'n v. Duggan*, 962 F.3d 596, 605 (D.C. Cir. 2020) (quoting *Esquilin-Mendoza v. Don King Prods.*, 638 F.3d 1, 4 (1st Cir. 2011)).

Evans's claim for $20 million dollars based on a $37.87 debit—that was later credited—is not in good faith, and he is not entitled to recover the jurisdictional amount. When Judge Walker challenged jurisdiction, Evans responded with conclusory assertions and unrealistic non-economic damages. Not surprisingly, Judge Walker concluded that Evans's "claim for $20 million in damages is patently absurd and devoid of any potentially reasonable support." R&R [65] at 3. The Court agrees. *See Burns v. Anderson,* 502 F.2d 970, 971–72 (5th Cir. 1974) (affirming dismissal for lack of diversity jurisdiction where plaintiff suffered physical injuries and minimal medical expenses but claimed excessive non-economic damages); *see also Bailey v. U.S. Fidelity & Guaranty Co.*, No. 98-60582, 1999 WL 346942 (5th Cir. May 10, 1999) ("This case is reminiscent of *Burns*, in that the Baileys' unliquidated tort damages claim are patently absurd and devoid of any potentially reasonable support on the limited record before us.").

Judge Walker's Report and Recommendation [65] is adopted as the finding of this Court. This case is dismissed without prejudice to refiling in a court that has subject-matter jurisdiction over the dispute. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.[1]

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Evans consented to have this case handled by Magistrate Judge Walker. Consent [62]. But because Bulbhead never consented, this Court never signed the order granting jurisdiction to Judge Walker. *See id.* And as a result, Judge Walker correctly entered a report and recommendation rather than final judgment.